### JOHN B. WICKLIFFE
#### *v.*
### WILLIAM F. LYNCH.

1. JURY — *cannot refuse testimony they think is interested.* An instruction to the jury, if they believe a witness whose testimony has been admitted by the court, is interested in the suit, that they may disregard his testimony, is erroneous.

2. SAME — *it is for the court to pronounce on the competency of witnesses.* The jury may and ought to examine into and scrutinize the credibility of a wit-

ness, but they cannot reject his testimony, if he has been pronounced competent by the court, because they may think he is interested in the suit.

3.   It is for the court alone to pronounce upon the competency of a witness — his credibility is for the jury.

APPEAL from the Circuit Court of Marion county; the Hon. S. L. BRYAN, Judge, presiding.

This was an action originally brought before a justice of the peace, by Lynch against Wickliffe, and taken by appeal to the Circuit Court of Marion county, in which court Lynch, on a trial before a jury, had a verdict and judgment against Wickliffe for one hundred dollars and costs.

The cause of action was the price of a horse which Wickliffe sold to Lynch, and which was proved away from him, under a claim by the United States.

It was proved Wickliffe sold the horse to Lynch for one hundred dollars, and that he has been taken out of Lynch's possession by an officer of the United States, acting with authority, as the property of the United States.

The only point in the case arises on the fourth instruction asked by plaintiff and given by the court.

That instruction is as follows: "The jury may weigh the credibility of each witness, and if the jury believe, from the evidence, that Harvey Sensabaugh is a party interested in the ownership of the horse, they may exclude his evidence altogether."

The case is brought here by writ of error, where giving this instruction is assigned as error.

Messrs. WILLARD & GOODNOW, for the Appellant.

Messrs. O'MELVENY & MERRITT, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The decision of this case, on the error assigned, turns upon the propriety of the fourth instruction given for the plaintiff.

That instruction is as follows: "The jury may weigh the

credibility of each witness, and if the jury believe, from the evidence, that Harvey Sensabaugh is a party interested in the ownership of the horse, they may exclude his evidence altogether."

This instruction introduces a novel principle into trials by jury, and if correct, they would become a mere farce, and unworthy of public respect and confidence. That a jury may and ought to examine into and scrutinize the credibility of a witness, is indisputable, but that they can reject the testimony of a witness, who has been pronounced competent by the court on the ground of interest, is inadmissible. It is for the court, and for the court alone, to pronounce upon the competency of a witness, and when admitted by the court as competent, no matter how much interested the jury may suppose him to be in the result of the suit, the jury have no right to reject his testimony.

In this case, Harvey Sensabaugh testified by deposition, on interrogatories. After describing the horse in controversy, he says, he was marked on the left shoulder with the letters " U. S.," also with the letter " C." just above these letters, and that the horse was purchased from the government, at Helena, Arkansas, on or about the 7th of April, 1863; he was sold at public auction by the government, as a condemned horse.

Now, this testimony was very important to the defendant, and being adjudged competent by the court, the jury should have given it all the credit to which it was entitled, and should not have been told by the court, if they believed he was interested in the ownership of the horse, that they might exclude his evidence.

Whether the jury did in fact exclude this evidence, we cannot know. If they did, the defendant was, to that extent, injured, and that they did exclude it, we can infer from the verdict rendered.

The court erred in giving this instruction, and therefore the judgment must be reversed, and a new trial had.

*Judgment reversed.*